IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AIRIAN JOVAN MISURACA**, | Case No. 3:21-cv-01585-IM |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| **JAMIE LOKE** *et al.*, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Airian Jovan Misuraca ("Plaintiff"), a self-represented litigant in custody at Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") challenging various conditions of his confinement while a pretrial detainee in the Washington County Jail ("WCJ"). On April 5, 2022, the Court issued an order noting that Plaintiff previously had attempted to challenge the various conditions of his pretrial confinement at WCJ

PAGE 1 – ORDER OF DISMISSAL

in *Misuraca v. Washington County Detention Center/Jail et al.*, Case No. 3:20-cv-01597-IM[1], which the Court dismissed for failure to state a claim. (ECF No. 28.) After determining that the doctrine of *res judicata* likely barred Plaintiff's claims, the Court ordered Plaintiff to show cause in writing why his amended complaint should not be dismissed. On May 2, 2022, Plaintiff filed a Motion for Order to Show Cause (ECF No. 28), which presently is before the Court.[2]

Plaintiff argues that the doctrine of *res judicata* does not bar his claims because the defendants to his previous case — WCJ, Naphcare, Inc., and Correctional Health Partners ("CHP") — committed perjury and failed to "provide discovery which might have [led] to further evidence of guilt . . . [and the] dates of incidents." (Misuraca Aff. at 1-2, 4.) Plaintiff further argues that in his previous lawsuit, he "claimed that Defendants created similar actions on different days" than those alleged here. (*Id.* at 4.) Finally, Plaintiff argues that presently he is suing individuals rather than governmental organizations and therefore the instant defendants "are completely different in the courts [sic] eyes." (*Id.* at 6.)

Plaintiff has not persuaded the Court that his individual claims are not subject to dismissal pursuant to the doctrine of *res judicata*. As the Court previously explained, the allegations in the instant Complaint are virtually identical to those raised in Plaintiff's prior action and the instant defendants are in privity as employees of Washington County, Naphcare, and CHP. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (explaining that *res judicata* applies to bar an

---

[1] The Court takes judicial notice of Plaintiff's prior proceedings in this Court. Fed. R. Evid. 201(b)(2); *In re Korean Air Lines Co.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Plaintiff's motion is confusing and seems to concern issues or proceedings that are not before the Court. His affidavit in support of the Motion (ECF No. 29), however, addresses the issue of *res judicata*. The Court therefore construes Plaintiff's motion and affidavit as a response to the Court's show cause order.

PAGE 2 – ORDER OF DISMISSAL

action when there is: (1) "identity or privity between parties"; (2) "an identity of claims"; and (3) "a final judgment on the merits"); *see also Drawsand v. F.F. Properties, L.L.P.*, 866 F.Supp.2d 1110, 1127 (N.D. Cal. 2011) (noting that "[a]n employer-employee relationship generally satisfies the privity requirement for matters within the scope of employment"). Furthermore, Plaintiff's previous action was dismissed for failure to state a claim and Plaintiff's insistence that *res judicata* does not bar the instant action because the previous defendants failed to provide him with evidence of their guilt is unpersuasive. *See Bailey v. Zimmer*, 993 F.2d 881, 881 (9th Cir. 1993) (explaining that "a dismissal for failure to state a claim is an adjudication on the merits" for the purposes of *res judicata*).

Accordingly, the Court DISMISSES Plaintiff's Amended Complaint as barred by the doctrine of *res judicata*. Plaintiff's Motion for Order to Show Cause (ECF No. 28) and Motion for Partial Summary Judgment (ECF No. 30) are DENIED AS MOOT. For the reasons set forth above, the Court certifies that any appeal taken from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

**IT IS SO ORDERED.**

DATED this __12th__ day of May, 2022.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER OF DISMISSAL